[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CLARIFICATION
The plaintiff has moved this court to clarify its decision of February 23, 1993 in which it dissolved the marriage of the parties and entered other orders concerning custody, child support, alimony and other financial orders.
In his motion, the plaintiff recites that in 1996, in response to a motion he filed to suspend his alimony payments, the parties entered into a stipulation modifying the existing court orders.
The undersigned judge was not privy to that agreement of the parties and entered no orders regarding such agreement. Consequently, as to that agreement, this court has no orders to clarify.
As part of its February 23, 1993 judgment, this court ordered the plaintiff to "pay to the defendant as periodic unallocatedalimony and support the amount of $200.00 per week."(emphasis added). In that same decision, the court ordered the plaintiff to "contribute the sum of $125.00 per week toward the costs of the mortgage or mortgages and real property taxes on the marital residence until such time as it is sold."
The court considered these orders to be clear and unambiguous.
The plaintiff soon thereafter filed a Motion For Clarification. In response to that motion the court, on May 24, CT Page 3954 1993, clarified its orders as follows: "That order (requiring the plaintiff to contribute $125.00 per week toward the costs of maintaining the marital residence) is intended to be in the form of additional support for the minor children as part of their shelter expenses."(emphasis added).
The plaintiff has moved this court for yet another order that these obligations be "clarified" as alimony. Once and for all, the court rules that they are NOT alimony payments for tax purposes or for any other purposes.
As previously noted, this court has no comment on any "agreement" which the parties may have entered into in 1996 — some three years after this court was last involved in the above-captioned matter.
By the Court, Joseph W. Doherty Judge